**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALEXIS BELL,

    Plaintiff,

v.

CONCENTRIX SERVICES US, INC.,
operating as THE MINACS GROUP
(USA) INC., a foreign corporation,

    Defendant.

Case No.

HON.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**COMPLAINT AND JURY DEMAND**

    NOW COMES, Plaintiff, Alexis Bell (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant, Concentrix Services US, Inc. operating as Minacs Group USA, Inc. (hereinafter "Minacs") states as follows:

    1.    Plaintiff, Alexis Bell, is a resident of the City of Detroit, County of Wayne and State of Michigan.

    2.    Upon information and belief Defendant, Concentrix Services US, Inc. operating as The Minacs Group (USA) Inc. is a foreign profit corporation doing business in Oakland County and the Eastern District of Michigan and whose resident agent is The Corporation Company and whose registered office address is 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

3. The events producing the original injury occurred in Wayne County of Oakland, State of Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in Oakland County.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination based on Plaintiff's disability in violation of the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq*, Title VII of the Civil Rights Act of 1964, and/or the American with Disabilities Act of 1990 ("ADA") and for Defendant's actions and inactions constituting racial discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, ("ELCRA"), which has resulted in mental, emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Alexis Bell began her employment with Defendant, Minacs on or about June 8, 2015 as a Tech Support Specialist in the call center.

8. Plaintiff is an adult female, who suffers from a calcium deficiency and as such, Plaintiff is a person with a disability.

9. Defendant regards Plaintiff as being a person with a disability because, among other things, Plaintiff suffers from a calcium deficiency which substantially interferes with major life activities such as standing, walking and causes her extreme fatigue and numbness in her hands.

10. Plaintiff's disability was unrelated to her ability to do her job and in no way affected the performance of her job duties.

11. Plaintiff advised Defendant, and upper management of Defendant of her disability and her need for a reasonable accommodation.

2

12. Defendant along with its employees, agents and upper management knew of Plaintiff's disability and as a result of her disability harassed her and discriminated against her due to her disability.

13. Operations Manager, Eric Chaney harassed and discriminated against Plaintiff due to her disability complaining to her that she was always sick.

14. Specifically, Plaintiff requested to be reasonably accommodated so that she would not have to work 10 hour shifts which aggravated the symptoms of her disability.

15. In response to Plaintiff's request, Defendant simply replied "no" and refused to accommodate Plaintiff.

16. During Plaintiff's employment with Defendant, co-workers would make racial comments about Plaintiff, creating an offensive and hostile work environment, including, but not limited to:

   a. Comments about Plaintiff wearing a weave;
   b. Being "stupid from the ghetto";
   c. Being called fat and lazy;
   d. Referred to her "black ass;" and
   e. Being called a "liar."

17. Plaintiff complained to Defendant's upper management, but nothing was done to stop or prevent the harassment and discrimination.

18. On April 11, 2016 Plaintiff was terminated as a direct result of her disability.

19. Defendants stated reason for the termination was pre-textual as Plaintiff did not engage in the conduct that Defendant fabricated.

20. During the time period in question, Defendant, Minacs was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq*, Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act of 1990 ("ADA").

21. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

22. Defendant harassed and discriminated against Plaintiff because of her race and disability or Defendant's perception that Plaintiff was a person with a disability due to her requesting accommodations.

23. There is no legitimate, non-discriminatory explanation for Defendant's harassment and discrimination of Plaintiff, and as such, Defendant's harassment and discrimination of Plaintiff was based solely upon Plaintiff's race and disability in violation of the ELCRA and the ADA.

24. On November 17, 2016, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right to Sue letter, granting Plaintiff the right to bring suit against Defendant for violations of the Americans with Disabilities Act of 1990 ("ADA").

## COUNT I
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

25. Plaintiff incorporates by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Defendant is an "employer" as defined in the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq*.

27. Plaintiff is a "person with a disability" and was regarded by Defendant as a "person with a disability" as defined in the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq*.

28. As a result of her disability, Plaintiff does have, and Defendant does regard Plaintiff as having a determinable physical or mental characteristic that substantially limits one or more of Plaintiff's major life activities.

29. Defendant's regard for Plaintiff as a person with a disability was unrelated to Plaintiff's ability to perform the duties of her job.

4

30. Defendant had actual and constructive notice that Plaintiff was disabled due to her suffering from a calcium deficiency.

31. Defendant harassed and discriminated against Plaintiff because she had a disability or was perceived by Defendant to be a person with a disability because of a calcium deficiency.

32. Defendant's harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability because of a calcium deficiency violates the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq*.

33. As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability because of a calcium deficiency, Plaintiff has sustained injuries including, but not limited to:

   a. Termination;
   b. Economic damages;
   c. Wage loss;
   d. Mental anguish;
   e. Fright;
   f. Shock;
   g. Embarrassment;
   h. Humiliation;
   i. Mortification;
   j. Outrage;
   k. Anxiety;
   l. Emotional distress;
   m. Loss of self-esteem; and

n.  Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## VIOLATION OF AMERICAN WITH DISABILITIES ACT OF 1990

34. Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. Plaintiff suffers from a calcium deficiency, a disability under The Americans with Disabilities Act of 1990 ("ADA").

36. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

37. Plaintiff's disability was a factor in Defendant Minacs' employment decisions.

38. Defendant is an employer within the meaning of the ADA.

39. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was terminated by Defendant.

40. Plaintiff is entitled to exemplary and compensatory damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

41. Defendant and its agents, employees and representatives, violated the ADA by reason of the following acts and/or omissions:

   a.  Violating the laws against discrimination by terminating Plaintiff based exclusively upon her disability;

   b.  Failing to refrain from imposing discipline based on Plaintiff's disability;

   c.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

  d. Preventing Plaintiff from having full and fair opportunities to advance in her positions based upon her disability.

42. Defendant Minacs owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

43. Defendant Minacs breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

  a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

  b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

  c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

  d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

  e. Failing to employ Plaintiff based upon her disability.

44. As a direct and proximate result of the actions of Defendant Minacs, Plaintiff was the subject of discriminatory conduct on the part of Defendant Minacs, and its agents and employees.

45. Because of the unlawful conduct of Defendant Minacs, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

**COUNT III**
**RACIAL HARASSMENT IN VIOLATION OF**
**MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq***

46. Plaintiff incorporates by reference paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Plaintiff belongs to a protected class as an African American.

48. Plaintiff was subjected to unwelcome communication and conduct due to her race

49. The unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment.

50. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from her employer, union, co-workers and/or supervisors based upon her race.

51. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

52. Defendant was Plaintiff's employer within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

53. Plaintiff was subjected to repeated and continuous discriminatory treatment based upon her race by Defendants, to the point where her status as an employee has been detrimentally affected by Defendants and Plaintiff has been subjected to work in a hostile work environment.

54. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

55. Defendants created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

    a.    Violating the laws against discrimination by engaging in racial discrimination in the workplace;

    b.    Imposing discipline based on race;

    c.    Taking adverse employment action against Plaintiff based upon her race;

    d.    Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race; and

    e.    Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race.

56.    Defendants owed Plaintiff as an African-American employee, a duty to refrain from discriminating against employees.

57.    Defendants owed Plaintiff as an African-American, a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

58.    Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a.    Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b.    Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c.    Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d.    Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

59.    As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

60.    Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered

damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: February 9, 2017

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Alexis Bell, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: February 9, 2017